```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ANTHONY S. NOVAK,                  :
                                   :
CHAPTER 7 TRUSTEE,                 :
                                   :
        Trustee/appellant,         :
                                   :
V.                                 :   Case No. 3:11-CV-1549 (RNC)
                                   :
BRIAN KOSAKOWSKI,                  :
                                   :
        Debtor/appellee.           :
```

This is an appeal from an order of the Bankruptcy Court (Albert S. Dabrowski, Chief Judge) overruling the trustee's objection to an exemption. In filing for relief under Chapter 7 of the Bankruptcy Code on January 18, 2011 ("petition date"), the debtor claimed an exemption of $21,625.00 under §522(d)(11)(D) for "a payment . . . on account of personal bodily injury," plus $8,778.58 under the "wild card" exemption provision in §522(d)(5), for a total exemption of $30,403.58. The debtor sought to exempt from the bankruptcy estate the proceeds of a personal injury settlement annuity with a maturity date of April 23, 2015, and asked the Bankruptcy Court to determine the fair market value of the annuity on the petition date. The trustee argued that he was entitled to keep the bankruptcy estate open until the maturity date to receive the full value of the annuity, $39,686.62, at which time he would pay the debtor his exemption of $30,403.58, and distribute the balance to creditors. In its order overruling the trustee's objection, the Bankruptcy Court

determined that the debtor was entitled to exempt the fair market value of the annuity on the petition date, which the Court determined to be $26,000 after an evidentiary hearing.  The finding that the annuity had a fair market value of $26,000 on the petition date served to remove the annuity from the bankruptcy estate as the value fell within the debtor's claimed exemption.  The trustee appeals arguing principally that the Bankruptcy Court's decision is contrary to the terms of an anti-alienation provision in the annuity agreement preventing the debtor from selling or otherwise transferring his interest as the payee.[1]

Section 541(a)(1) of the Bankruptcy Code provides for inclusion in the bankruptcy estate of "all legal or equitable interests of the debtor in property *as of the commencement of the case*."  11 U.S.C. § 541(a)(1) (emphasis added).  Under § 522 of the Code, the value of exempt property such as a "stock bonus, pension, profitsharing, annuity, or similar plan or contract" should be determined by the "fair market value as of the date of the filing of the petition."  11 U.S.C. § 522.  "Thus, when exemptions are claimed, the fact that the value of the property

---

[1] The Trustee relies on the following language:
Payment nor any rights thereto or interest therein can be:
(i) accelerated, deferred, increased or decreased by such Plaintiff or any other Payee; or
(ii) sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, by such Plaintiff or any other Payee.

that the debtor seeks to exempt has changed since the filing of the petition will not affect the amount of property that the debtor may exempt." Collier on Bankruptcy, ¶522.03 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.). See Polis v. Getaways, Inc. (In re Polis), 217 F.3d 899, 902 (7th Cir. 2000) ("[T]he date of valuation of an asset for purposes of determining whether it can be exempted is the date on which the petition for bankruptcy is filed; it is not a later date on which the asset may be worth a lot more."); In re Bell, 179 B.R. 129, 130 (Bankr. E.D. Wisc. 1995) ("It makes no difference if an asset has increased in value. The value of a particular asset is measured as of the date of the bankruptcy petition, not thereafter.").

    The trustee argues that the Bankruptcy Court erred in trying to estimate the fair market value of the annuity as of the petition date because the anti-alienation provision prevents the annuity from having any value prior to the maturity date. This argument gives controlling weight to the terms of the anti-alienation provision and, in doing so, runs counter to the Bankruptcy Code, which empowers the Bankruptcy Court to deal with a debtor's interest in property, and determine the value of the debtor's interest, notwithstanding anti-assignment provisions. See 11 U.S.C. § 541(c)(1)("an interest of the debtor in property becomes property of the estate . . . notwithstanding any provision in an agreement . . . that restricts or conditions

transfer of such interest."); In re Jackus, 442 B.R. 365, 369 (Bankr. D.N.J. 2011) (beneficial interest that debtor possessed in annuity at time of her Chapter 7 filing became property of the estate despite contractual anti-assignment provision); Polis, 217 F.3d at 902 (bankruptcy court is empowered to value legal claim for purposes of an exemption even though the claim is unassignable).

The trustee's argument is also contrary to the Bankruptcy Court's determination after the evidentiary hearing that the annuity actually had a fair market value on the petition date of $26,000. At the hearing, the debtor presented evidence that he sought offers for the annuity from three settlement purchasing companies and received an offer of slightly less than $26,000. The trustee presented no evidence of the fair market value of the annuity on the petition date, but instead argued that the annuity had to be valued as of the maturity date. The Bankruptcy Court found the debtor's evidence to be credible, and determined that the fair market value of the annuity was $26,000 as of the petition date.

The trustee argues that the Bankruptcy Court erred in using liquidation value to determine fair market value. Courts considering the appropriate valuation standard under § 522 have concluded that ordinarily "value should be measured by the traditional concept of fair market value, the amount the debtor

4

would receive from a voluntary and willing buyer if the debtor were not under a compulsion to sell, rather than a hypothetical liquidation."  In re Sumerell, 194 B.R. 818, 825 (Bankr. E.D. Tenn. 1996).  See also Matter of Nellis, 12 B.R. 770, 772 (Bankr. D. Conn. 1981) ("Fair valuation is what can be realized out of the assets within a reasonable time either through collection or sale at the regular market value . . . .") (internal quotations omitted).  In this case, however, involving an unmatured annuity, the Bankruptcy Court had to rely on an alternate method of valuation to achieve "the primary purpose of the valuation . . . to determine that the values do not exceed the monetary limits placed on the exemptions by Congress . . . ."  In re Sumerell, 194 B.R. at 826.

Finally, the trustee argues that the Bankruptcy Court usurped the trustee's power to administer the estate.  The trustee cites no legal authority other than general propositions affirming the discretion of a trustee to manage the assets of the estate.  Under the relevant provisions of the Code, the Bankruptcy Court's decision to hold a hearing to determine the fair market value of the annuity as of the petition date was proper and its finding as a result of the hearing concerning the valuer of the annuity is adequately supported by the record.  Because the undisputed claimed exemptions exceed the fair market value of the annuity as properly determined by the Bankruptcy

Court, the annuity is a fully exempt asset and thus not available for the trustee's administration. See <u>Owen v. Owen</u>, 500 U.S. 305, 308 (1991) ("An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor.").

Accordingly, the judgment of the Bankruptcy Court is hereby affirmed.

So ordered this 26th day of December, 2013.

                                    /s/RNC
                         Robert N. Chatigny
               United Stated District Judge